**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LENTO LAW GROUP, P.C., | |
| Plaintiff, | |
| | Hon. _____ |
| v. | |
| | Civil Action No.: _____ |
| LADEL LEWIS, | |
| LINDA ANN POHLY, | **COMPLAINT AND JURY DEMAND** |
| VEDA DIANE BALLA, | |
| FLORENDA LEE-HALL a.k.a "RENNIE LEE", and | |
| JOYCE ANN WILSON, | |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

Plaintiff, LENTO LAW GROUP, P.C., by and through its undersigned attorneys, and by way of Complaint, brings this action for damages and other legal and equitable relief against Defendants, LADEL LEWIS, LINDA ANN POHLY, VEDA DIANA BALL, FLORENDA "RENNIE" LEE-HALL a.k.a. "RENNIE LEE", and JOYCE ANN WILSON, alleging as follows:

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

LENTO LAW GROUP, P.C.
242 Terrace Blvd., Suite D1
Voorhees, New Jersey 08043
*Plaintiff*

LADEL LEWIS
4024 Winona Street
Flint, MI 48504
*Defendant*

LINDA ANN POHLY
5094 Miller Road
Flint, MI 48507
*Defendant*

VEDA DIANE BALLA
3415 Hull Street
Flint, MI 48507
*Defendant*

FLORENDA LEE-HALL a.k.a. "RENNIE LEE"
5541 Sugar Bush Lane
Flint, MI 48532
*Defendant*

JOYCE ANN WILSON
5006 Laurene Street #1
Flint, MI 48505
*Defendant*

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, on the basis of complete diversity of citizenship, as Plaintiff is incorporated within the State of New Jersey, while Defendants are all believed to be residents of the State of Michigan, and further, Plaintiff alleges damages in excess of $75,000.00.

2.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims as complained of herein occurred within this district.

## PARTIES

3.      At all times relevant hereto, Plaintiff LENTO LAW GROUP, P.C. is a domestic for-profit corporation duly-incorporated under the laws of the State of New Jersey, with a corporate headquarters and principal business address as above, which operates and does business within the State of New Jersey as a law firm.

4.      At all times relevant hereto, Defendant LADEL LEWIS, is, upon information and belief, an adult resident citizen of the City of Flint, County of Genesee, and State of Michigan, with a residential address for service of process believed to be as above.

5.      At all times relevant hereto, Defendant LINDA ANN POHLY, is, upon information and belief, an adult resident citizen of the City of Flint, County of Genesee, and State of Michigan, with a residential address for service of process believed to be as above.

6.      At all times relevant hereto, Defendant VEDA DIANE BALLA, is, upon information and belief, an adult resident citizen of the City of Flint, County of Genesee, and State of Michigan, with a residential address for service of process believed to be as above.

7.      At all times relevant hereto, Defendant FLORENDA LEE-HALL, is, upon information and belief, an adult resident citizen of the City of Flint, County of Genesee, and State of Michigan, with a residential address for service of process believed to be as above.

8.      Further, upon information and belief, Defendant FLORENDA LEE-HALL is also known by the pseudonym, nickname, alias, and/or penname "RENNIE LEE".

9.      At all times relevant hereto, Defendant JOYCE ANN WILSON, is, upon information and belief, an adult resident citizen of the City of Flint, County of Genesee, and State of Michigan, with a residential address for service of process believed to be as above.

**GENERAL ALLEGATIONS**

10.      Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

11.      On or about Saturday, August 26, 2023, the annual Flint Northern Alumni Tailgate and Health Fair event was held in the city of Flint, Michigan.

12.      The annual event is a large and widely attended outdoor festival where alumnus of Flint Northern school of all classes can gather, as well as vendors, local businesses, and other Flint residents and nonresidents.

13.      As Plaintiff, LENTO LAW GROUP, P.C. ("Lento Law Group"), through its Michigan attorneys, represents a number of clients in the City of Flint, Plaintiff purchased a booth at the fair for purposes of marketing.

14.      As Flint City Councilwomen Jerri Winfrey-Carter and Tonya Burns are supporters of Lento Law Group's business within the City of Flint, as a show of said support, Councilwomen Winfrey-Carter and Burns, requested of Plaintiff's Firm Administrator, to purchase custom Lento Law

Group polo shirts for each of them, embroidered with their names on them, so that they could wear the polo shirts at the fair.

15.    Councilwomen Winfrey-Carter and Burns did so purchase the shirts, and said shirts were provided to them for use at the fair. *See* a true and correct copy of a personal check from Councilwoman Burns to Plaintiff for $40.00, representing her purchase of both shirts for Councilwoman Winfrey-Carter and herself, annexed hereto as **EXHIBIT "A"**.

## The August 30, 2023 Post by Defendant Ladel Lewis

16.    On or about Wednesday, August 30, 2023, Flint City Councilwoman LADEL LEWIS, a political rival of Councilwomen Winfrey-Carter and Burns, and a named Defendant in this matter, made a post to the public Facebook group, "Flint Politics", a true and correct screen capture of said post being reproduced below:



17.     Importantly, it must be noted, that although Defendant Lewis is a Flint City Councilwoman, the post was made from her personal Facebook account called "Ladel Lewis" as opposed to her official account as a Councilwoman, entitled "Flint 2nd Ward".

18.     Defendant Lewis' post contains a picture, taken at the fair, of Flint City Councilman Eric Mays and Councilwomen Winfrey-Carter and Burns, with Winfrey-Carter and Burns wearing the custom Lento Law Group polo shirts they had purchased.

19.     Additionally, Defendant Lewis' post contains a screen capture of a graphic detailing "Laws Prohibiting Gifts" which cites Mich. Comp. Laws Ann. §§ 4.414 and 15.342; and a portion of Section 1-602 from the Flint City Charter, prohibiting gifts to public servants. True and correct copies of the post and its constituent parts are annexed collectively hereto as **EXHIBIT "B"**.

20.     Defendant Lewis captioned the post as follows:

> According to the 6th Ward's post defining gifts, it appears that these fancy personalized Lento shirts qualify. We're (sic) more than $25? Can you represent the city and the law firm in litigation with the city at the same time? Is that affecting their votes? Is this why they are not voting to give the residents ARPA dollars? Looks like they are more loyal to Lento than the residents of the City of Flint.

21.     Apart from being a factually inaccurate and distasteful political smear against Councilwomen Winfrey-Carter and Burns, in so posting, Defendant Lewis has simultaneously defamed Lento Law Group in the process, suggesting that Plaintiff has, or has attempted to, bribe and/or influence Councilwomen Winfrey-Carter and Burns's voting on the Flint City Council.

22.     Defendant Lewis' post was published to third parties, publicly in an open Facebook group, and at the time of writing, said post has been seen by nearly sixty (60) members of the Facebook group, and very possibly shared with many others.

23.     Defendants LINDA ANN POHLY ("Pohly"), VEDA DIANE BALLA ("Balla"), FLORENDA LEE-HALL, writing under the pseudonym "RENNIE LEE" ("Lee"), and JOYCE

ANN WILSON ("Wilson", are all members of the Flint Politics Facebook group, who have further defamed the Plaintiff.

### **The September 4, 2023 Post with Comments by Defendants Pohly, Lee & Wilson**

24.    On or about September 4, 2023, non-party Lynda L. Pendleton, made the below post (screen-capture below) to the Flint Politics Facebook group, depicting the parties in the matter *Biggs-Leavy v. Lewis* – an ongoing suit in the Eastern District of Michigan involving non-party Beverly Biggs-Leavy, the plaintiff in that matter, who filed suit against Councilwoman Ladel Lewis, a defendant in this matter.



25.     Along with the above graphic, Ms. Pendleton posted a brief recitation of the facts of the case and voiced her support for Defendant Lewis.

26.     In response, Defendants Pohly, Lee, and Lewis, each commented on Ms. Pendleton's post, as depicted in the true and correct screen-capture reproduced below:



27.     As to Defendant Lee, importantly, she asks, "So is the Lento Group" – referring to Plaintiff – "attending Flint Council meetings looking for ways to set themselves the ability to sue the city?" She goes on to state, "I'm praying they" – referring to the City of Flint – "request attorneys fees and court costs for these *frivolous lawsuits*." (emphasis added).

28.     In response to Defendant Lee's post, Defendant Pohly adds, "Yes, that is why they are there," and questions where the money is coming from to pay for the litigation.

29.     Later in this comment thread, Defendant Wilson then remarked, "Frivolous lawsuit". *See*, the true and correct screen-capture below:



**The September 4, 2023 Post with Comment by Defendant Balla**

30.     On or about September 4, 2023, non-party Lynda L. Pendleton, also made the following post (screen-capture below) to the Flint Politics Facebook group,



31.     The post depicts non-party, Bishop Patrick E. Munnerlyn, an employee of the Plaintiff, who works for the Plaintiff law firm in the capacity of Community Outreach Specialist, particularly in the area of Mobile, Alabama.

32.      In the comment section of the above post, Defendant Balla commented as follows, in the below true and correct screen-capture:



**Veda Balla**
Lento Law Group: Ambulance Chasers
Lento Law Group Community Outreach
Specialist: Ambulance Chasers Assistant

How many of you really think Bishop
Munnerlyn wrote that glowing account of
himself?  Would a man of God be bragging
on his humility and his commitment to
community to such a degree?

3h    Like   Reply

### **The September 6, 2023 Post by Defendant Lee**

33.      On or about September 6, 2023 (precise date uncertain), Defendant Lee made a post to the Flint Politics Facebook Group, a true and correct screen-capture of which is reproduced below[1].



**Rennie Lee**
2d · 🌐

It's so sad that mays has this law firm here in Flint
with the intent of suing Flint. He's elected to serve
the residents of the first ward but he consistently
uses his seat on the Flint City council to set himself
up to sue the very city he's elected to serve.



newsbreak.com
**Flint attorneys say woman's camera light was
bright enough to disrupt meeting – NewsBreak**

👍 5                    5 comments  Seen by 52

---

[1] Note that this post by Defendant Lee appears to have since been deleted. When Defendant Lee removed the post and the reasons for the deletion are unknown to Plaintiff.

34.     The post by Defendant Lee contained a link to an article discussing *Randle v. Lewis, et al.* – another ongoing suit in the Eastern District of Michigan involving non-party Kamryn Randle, the plaintiff in that matter, who filed suit against Councilwoman Ladel Lewis, a defendant in this matter, as well as various other members of the Flint City Council, Flint City Attorney William Kim, and Flint Police Department Officer William Metcalfe.

35.     In connection with the post, Defendant Lee writes, "It's so sad that mays" – referring to Flint City Councilman Eric Mays – "has this law firm here in Flint" – referring to Plaintiff – "*with the intent of suing Flint.*" (Emphasis added).

36.     All of the aforementioned posts and/or comments made by the Defendants named herein are false and defamatory, and have damaged Plaintiff.

37.     Further, the Defendants' defamatory comments were intended to be seen by internet users throughout the United States, including those within the State of New Jersey where Plaintiff is headquartered, and are further intended to interfere with Plaintiff's business relationships throughout the United States, including with those living or working in New Jersey.

**COUNT ONE**
**DEFAMATION – LIBEL *PER SE***
**As to All Defendant Lewis**

38.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

39.     Defendants, as aforedescribed, deliberately and/or negligently published and/or communicated to third-parties false statements about the Plaintiff and/or Plaintiff's business and/or services, directly and proximately causing Plaintiff to suffer actual damages as aforedescribed.

40.   Under New Jersey law, there are four categories of defamatory statements that may be considered defamatory "*per se*" in that they so clearly sound to the disreputation of the plaintiff that they are actionable on their face.

41.   Those categories are statements that impute: (1) commission of a crime, (2) contraction of a loathsome disease, (3) occupational incompetence or (4) unchastity of a woman. *See*, Gillon v. Bernstein, 218 F.Supp. 3d 285, n.14 (D.N.J. 2016); *see also*, Ward v. Zelikovsky, 136 N.J. 516, 526 (1994).

42.   Bribery in official and political matters is a crime in the State of New Jersey pursuant to N.J.S.A. § 2C:27-2.

43.   Specifically, and in relevant part, N.J.S.A. § 2C:27-2 provides:

> A person is guilty of bribery if he directly or indirectly offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another:
>    a. Any benefit as consideration for a decision, opinion, recommendation, vote or exercise of discretion of a public servant, party official or voter on any public issue or in any public election; or
>    b. Any benefit as consideration for a decision, vote, recommendation or exercise of official discretion in a judicial or administrative proceeding; or
>    c. Any benefit as consideration for a violation of an official duty of a public servant or party official; or
>    d. Any benefit as consideration for the performance of official duties.

44.   Bribery of a public official is also a crime under Michigan law, specifically, MCL § 750.117.

45.   In Defendant Ladel Lewis' subject Facebook post, recall, she captioned the post as follows:

> According to the 6th Ward's post defining gifts, it appears that these fancy personalized Lento shirts qualify. We're (sic) more than $25? Can you represent the city and the law firm in litigation with the city at the same time? *Is that affecting their votes?* Is this why they are

not voting to give the residents ARPA dollars? Looks like they are
more loyal to Lento than the residents of the City of Flint.

(Emphasis added)

46.    Although Defendant Lewis frames many of her assertions as questions – "We're (sic) more than $25? Can you represent the city and the law firm in litigation with the city at the same time? Is that affecting their votes?" – the clear intent of Defendant Lewis' post was to imply criminal wrongdoing on the parts of Plaintiff and Councilwomen Winfrey-Carter and Burns, in that she implies Lento Law Group offered polo shirts as a bribe (the "benefit as consideration" under N.J.S.A. § 2C:27-2) to Councilwomen Winfrey-Carter and Burns, which they accepted, and which she alleges may have affected their votes on Flint City Council business.

47.    In attempting to politically smear Councilwomen Winfrey-Carter and Burns, in so doing, Defendant Lewis simultaneously imputed criminal conduct on the part of Plaintiff, thus defaming Plaintiff in a public online forum, said written defamation being libelous *per se*.

48.    As said Defendant Lewis' post is defamatory *per se*, Plaintiff need not prove actual damages, however, Plaintiff has suffered actual and prospective damages in that Plaintiff's attractiveness and/or reputability to the public – particularly in Flint, but also anywhere else the offending post may have been shared – has therefore been diminished, and clients or prospective clients who have seen the post (whether this has occurred, Plaintiff has no way of knowing) may be dissuaded from continuing to utilize Plaintiff's services or may refrain from engaging Plaintiff at all.

### COUNT TWO
### DEFAMATION – LIBEL *PER SE*
### As to All Defendants Lee, Pohly, and Wilson

49.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

50.     As to Defendants Lee, Pohly and Wilson, they have all defamed Plaintiff in relation to the September 4, 2023, post by non-party Lynda L. Pendleton, discussing the ongoing matter of *Biggs-Leavy v. Lewis* in the Eastern District of Michigan.

51.     First, Defendant Lee defames Plaintiff by suggest that Plaintiff is "attending Flint Council meetings looking for ways to set themselves the ability to sue the City."

52.     This is factually inaccurate and explicitly imputes deceptive, underhanded, or unprofessional conduct on the part of Plaintiff.

53.     In fact, attorneys of Plaintiff law firm, often attend Flint City Council meetings because it is public record that Plaintiff represents Flint City Councilman Eric Mays, and therefore, said attorneys attend the Flint City Council meetings to ensure that he is being treated fairly in said meetings and that his political opponents on the Council, such as Defendant Lewis, are not infringing upon his rights.

54.     These attorneys' attendance at said meetings, is therefore, not to "look for ways" to sue the City of Flint, but rather, to protect the interests of Plaintiff's client.

55.     Regarding defamatory statements concerning a business's products or services, the New Jersey Supreme Court held in Dairy Stores, Inc. v. Sentinel Pub. Co., 1-4 N.J. 125 (1986) that:

> [D]efamation is found only where the imputation fairly implied is that the plaintiff is dishonest or lacking in integrity, or that he is deliberately perpetrating a fraud upon the public by selling a product which he knows to be defective." *W. P. Keeton, D. Dobbs, R. Keeton, D. Owen, Prosser and Keeton on Torts*, 965 (5th ed.1985). Thus, unless the disparaging statement explicitly imputes to the corporation fraud, deceit, dishonesty, or reprehensible conduct in relation to the product, courts will not deem a merely critical statement to be defamatory. Zerpol Corp. v. DMP Corp., 561 F.Supp. 404, 409 (E.D.Pa.1983), citing National Refining Co. v. Benzo Gas Motor Fuel Co., 20 F.2d 763, 771 (8th Cir.), cert. denied, 275 U.S. 570, 48 S.Ct. 157, 72 L.Ed.2d 431 (1927).

56.     As Defendant Lee's statement explicitly imputes fraud, deceit, dishonesty, or reprehensible conduct on the part of Plaintiff in relation to its product – its legal services – Defendant Lee has *per se* defamed Plaintiff.

57.     Defendant Lee, however, further defames Plaintiff as she goes on to say, "I'm praying they" – referring to the City of Flint – "request attorneys fees and court costs for these *frivolous lawsuits*." (emphasis added).

58.     As an initial matter, to Plaintiff's knowledge, Defendant Lee has no advanced legal education, did not attend law school, does not possess a juris doctor degree, and is not a licensed attorney; therefore, she lacks the requisite expertise to determine whether a lawsuit is frivolous.

59.     That fact aside, those with the knowledge and authority to make that determination – namely, the Eastern District of Michigan, and specifically the Judge presiding over the *Biggs-Leavy v. Lewis* matter – have made no determination that the lawsuit is frivolous, and in fact, the matter is actively being litigated.

60.     Apart from therefore being factually inaccurate, Defendant Lee's statement is also defamatory *per se*, as it implied occupational incompetence on the part of the Plaintiff – suggesting that Plaintiff files unmeritorious lawsuits – and also serves to explicitly impugn the professionalism and integrity of the Plaintiff.

61.     Defendants Pohly and Wilson have defamed Plaintiff in this very same manner as Defendant Pohly then confirms Defendant Lee's incorrect assertion, stating "Yes, that is why they are there," – in other words, to "look for ways" to sue the City of Flint – and then Defendant Wilson later also remarks, "Frivolous lawsuit."

62.     Each Defendant, Lee, Pohly, and Wilson, have independently defamed Plaintiff as aforesaid, by publishing publicly statements which impugn, denigrate, and/or besmirch the

professional reputation, ability, competency, and/or integrity of the Plaintiff – a well-respected law firm, whose business necessarily relies and on its professional reputation for honesty, excellence, and integrity.

63.    In the foregoing comments made by said Defendants on Facebook, said Defendants have defamed Plaintiff in a public online forum, said written defamation being libelous *per se*.

64.    As said Defendants' comments are defamatory *per se*, Plaintiff need not prove actual damages, however, Plaintiff has suffered actual and prospective damages in that Plaintiff's attractiveness and/or reputability to the public – particularly in Flint, but also anywhere else the offending post may have been shared – has therefore been diminished, and clients or prospective clients who have seen the post (whether this has occurred, Plaintiff has no way of knowing) may be dissuaded from continuing to utilize Plaintiff's services or may refrain from engaging Plaintiff at all.

## COUNT THREE
### DEFAMATION – LIBEL *PER SE*
### As to All Defendant Lee

65.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

66.    In addition to the defamation Defendant Lee perpetrated upon Plaintiff as recounted in Count Two above, Defendant Lee commit a further, independent act of defamation upon Plaintiff with respect to her Facebook post made on or about September 6, 2023, regarding the matter of *Randle v. Lewis, et al.*.

67.    Recall that, in connection with the post, Defendant Lee writes, "It's so sad that mays" – referring to Flint City Councilman Eric Mays – "has this law firm here in Flint" – referring to Plaintiff – "*with the intent of suing Flint.*" (Emphasis added).

68.     This statement, taken in tandem with the post it accompanied, is false and defamatory as it relates to Plaintiff, as it seems to suggest that Plaintiff is acting at the direction of Councilman Eric Mays in making determinations as to the lawsuits it files within the City the Flint.

69.     Councilman Eric Mays is not a party in the *Randle v. Lewis, et al.*. matter, let alone the plaintiff in the matter, and therefore, had no part in Plaintiff's decision to take that case and file suit in that matter.

70.     By stating that Plaintiff is in Flint "with the intent of suing Flint," Defendant Lee is again suggesting, as she had in her prior comment referenced in Count Two, that Plaintiff is "looking for ways" to sue the City of Flint, and is once again impugning, denigrating, and/or besmirching the professional reputation, ability, competency, and/or integrity of the Plaintiff.

71.     Thus, through the foregoing statements made by Defendant Lee on Facebook, said Defendant has defamed Plaintiff in a public online forum, said written defamation being libelous *per se*.

72.     As said Defendant's statements are defamatory *per se*, Plaintiff need not prove actual damages, however, Plaintiff has suffered actual and prospective damages in that Plaintiff's attractiveness and/or reputability to the public – particularly in Flint, but also anywhere else the offending post may have been shared – has therefore been diminished, and clients or prospective clients who have seen the post (whether this has occurred, Plaintiff has no way of knowing) may be dissuaded from continuing to utilize Plaintiff's services or may refrain from engaging Plaintiff at all.

**COUNT FOUR**
**DEFAMATION – LIBEL *PER SE***
**As to All Defendant Balla**

73.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

74.     Defendant Balla has defamed Plaintiff with respect to her comment on the aforementioned September 4, 2023, post by non-party Lynda L. Pendleton, concerning Plaintiff's employee, Bishop Patrick Munnerlyn.

75.     Recall that Defendant Balla specifically referred to the Plaintiff law firm, as "Ambulance Chasers".

76.     The term "ambulance chaser" is a derogatory term in the legal profession used predominately to refer to personal injury attorneys who quickly contact victims of accidents to sign them up as clients in connection with said accidents – in other words, they "chase" the ambulance all the way to the hospital to solicit business from the injured party.

77.     Ambulance chasing is not only frowned upon, but is unethical in many jurisdictions, with many State Bars – including both New Jersey and Michigan – promulgating ethical rules specifically prohibiting ambulance chasing.

78.     Defendant Balla referred to the Plaintiff law firm as ambulance chasers in the context of non-party Pendleton's post about Plaintiff's employee, Bishop Patrick Munnerlyn, who acted as a Community Outreach Specialist for the firm.

79.     As stated previously, Bishop Munnerlyn, is not an attorney.

80.     Thus, not only is Defendant Balla's comment factually inaccurate, but it is also defamatory *per se* in that the comment impugns, denigrates, and/or besmirches the professional reputation, ability, competency, and/or integrity of the Plaintiff.

81.     Thus, through the foregoing comment made by Defendant Balla on Facebook, said Defendant has defamed Plaintiff in a public online forum, said written defamation being libelous *per se*.

82.     As said Defendant's statements are defamatory *per se*, Plaintiff need not prove actual damages, however, Plaintiff has suffered actual and prospective damages in that Plaintiff's attractiveness and/or reputability to the public – particularly in Flint, but also anywhere else the offending post may have been shared – has therefore been diminished, and clients or prospective clients who have seen the post (whether this has occurred, Plaintiff has no way of knowing) may be dissuaded from continuing to utilize Plaintiff's services or may refrain from engaging Plaintiff at all.

## COUNT FIVE
## FALSE LIGHT DEFAMATION
### As to All Defendants

83.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

84.     Defendants, as aforedescribed, deliberately and/or negligently published and/or communicated to third-parties a false statement about the Plaintiff and/or Plaintiff's business and/or services, directly and proximately causing Plaintiff to suffer actual damages as aforedescribed.

85.     In so posting the false and defamatory statement about Plaintiff, all Defendants have, individually and collectively, portrayed Plaintiff in a false light which would be highly offensive to a reasonable person, and particularly to a similarly situated law firm, which would certainly take issue – as does Plaintiff – to its reputation, credibility, and professionalism being so impugned.

86.     In so posting the false and defamatory statement about Plaintiff, the Defendants had knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter and the false light in which Plaintiff would be placed.

87.     As a direct and proximate result of the false light defamation inflicted by the Defendants upon Plaintiff, Plaintiff has suffered reputational injury in the conduct of its business, and other actual and prospective damages.

**COUNT SIX**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**As to All Defendants**

88.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

89.     Plaintiff does business within the City of Flint, Michigan, and is well-regarded in terms of its professional reputation.

90.     Plaintiff has an existing or reasonable expectation of economic benefit or advantage vis-à-vis the legal services Plaintiff provides for Michigan clients already engaged, as well as for prospective clients, whether in Flint, Michigan as a whole, or in any State in which Plaintiff conducts business.

91.     Any reasonable individual, including all Defendants named herein, would have knowledge of that expectancy – in other words, all Defendants knew or should have known that false and potentially defamatory statements which impugn the skill, competency, honesty, reputation, or professionalism of a business – particularly a law firm – can drive potential clients away from such a business.

92.     Given this knowledge of the Defendants, whether actual or constructive, Defendants nonetheless sought to intentionally interfere with, or were negligently indifferent to such

interference with, said expectancy of the Plaintiff by making such false and defamatory statements that could reasonably serve to drive business away from the Plaintiff.

93.     There is a more than reasonable probability that Plaintiff would have received the anticipated economic benefit afforded by its good standing the Flint community in the absence of the Defendants' false and defamatory post.

94.     Nonetheless, upon information and belief, a significant number of potential customers were, or could have been, turned away from Plaintiff's business as a direct and proximate result of Defendants' false and defamatory post, thus causing Plaintiff to incur damages in the form of lost business.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, LENTO LAW GROUP, P.C., demands judgment against Defendants LADEL LEWIS, LINDA ANN POHLY, VEDA DIANA BALLA, FLORENDA LEE-HALL also known as "RENNIE HALL", and JOYCE ANN WILSON, for an Order of the Court:

A) compelling all Defendants to remove their respective Facebook post and/or comments and all such other online posts, wheresoever located and whensoever made, which similarly concern Plaintiff or Plaintiff's conduct of its business;

B) compelling all Defendants to refrain from posting, communicating, or otherwise publishing such other similar statements concerning the Plaintiff in the future;

C) compelling all Defendants to issue a public retraction into the "Flint Politics" Facebook group, apologizing to Plaintiff for so defaming it; and

D) for general, compensatory, and punitive damages, with interest; reasonable attorney's fees and costs of suit, and for such other further relief as the Court may deem equitable and just.

## <u>DEMAND FOR JURY TRIAL</u>

       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

                             Respectfully submitted,

Dated: <u>October 9, 2023</u>          LENTO LAW GROUP, P.C.

                         _____

                         LAWRENCE A. KATZ, ESQUIRE
                         ATTORNEY ID: 027051988
                         3000 ATRIUM WAY – SUITE 200
                         MOUNT LAUREL, NEW JERSEY 08054
                         (T) (856) 652-2000
                         (F) (856) 375-1010
                         lakatz@lentolawgroup.com
                         *Attorney for Plaintiff, Lento Law Group, P.C.*