UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENTO LAW GROUP, P.C.,

     Plaintiff,

*v.*

LADEL LEWIS, *et al.*,

     Defendants.

No. 2:24-cv-10031

STEEH, J.

ALTMAN, M.J.

## MOTION TO DISMISS LADEL LEWIS

Defendant Ladel Lewis respectfully moves to dismiss the claims pleaded against her in Count 1 and Counts 5–6 with prejudice for failure to state a claim upon which relief can be granted.  Fed. Rule Civ. Proc. 12(b)(6).

Counsel for Lewis conferred with counsel for Plaintiff in the manner required under Civil Rule 7.1(a)(1) (ED Mich. 2024) on March 1, 2024. On the same date, counsel for Plaintiff stated that it declined to concur in the relief requested.

Respectfully submitted,

∞ BUTZEL

Dated:  March 5, 2024

/s/ *Frederick A. Berg*

FREDERICK A. BERG (P38002)
SHELDON H. KLEIN (P41062)
JOSEPH E. RICHOTTE (P70902)
150 W. Jefferson Ave. #100
Detroit, MI  48226
(313) 225-7000
berg@butzel.com
klein@butzel.com
richotte@butzel.com
*Counsel for Defendant Ladel Lewis*

100744350.9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENTO LAW GROUP, P.C.,

      Plaintiff,

*v.*

LADEL LEWIS, *et al.*,

      Defendants.

No. 2:24-cv-10031

STEEH, J.

ALTMAN, M.J.

**BRIEF IN SUPPORT OF MOTION TO DISMISS
LADEL LEWIS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ i

INDEX OF AUTHORITIES ................................................................. ii

ISSUES PRESENTED......................................................................... vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vii

STATEMENT OF THE CASE................................................................1

RULE OF DECISION .........................................................................2

GOVERNING LAW ...........................................................................2

ARGUMENT ....................................................................................5

    A.   Count 1:  Lento Law has not pleaded a plausible claim
         for libel *per se* by implication under Michigan law.............................5

    B.   Count 5:  Lento Law cannot plead a claim for false light
         as a matter of law because it has no cognizable privacy
         interest as a corporation.......................................................12

    C.   Count 6:  Lento Law has not pleaded a plausible claim
         for tortious interference with a business relationship or
         expectancy ..................................................................12

    D.   The Court should deny leave to amend if asked. ...............................14

CONCLUSION ................................................................................15

# INDEX OF AUTHORITIES

## *Cases*

*Abbas v. Foreign Policy Gp., LLC*,
    783 F.3d 1328 (CADC 2015)............................................................8, 9

*Allstate Ins. v. Hague*,
    449 U.S. 302 (1981)........................................................................3

*Beverly Hills Foodland v. United Food & Commercial Workers Union*,
    39 F.3d 191 (CA8 1994) ................................................................8

*Booth Newspapers, Inc. v. Kent Cty. Treas.*,
    175 Mich. App. 523 (1989)............................................................12

*Boulger v. Woods*,
    306 F. Supp. 3d 985 (SD Ohio 2018) ............................................7, 8

*Cadle Co. v. Schlichtmann*,
    123 F. Appx. 675 (CA6 2005)........................................................5

*Calder v. Jones*,
    465 U.S. 783, (1984)......................................................................3

*Cedroni Assocs. v. Tomblinson Harburn Assocs., Inc.*,
    290 Mich. App. 577 (2010)............................................................13

*Cedroni Assocs. v. Tomblinson Harburn Assocs., Inc.*,
    492 Mich. 40 (2012) ...................................................................... 12, 13

*Chapin v. Knight-Ridder, Inc.*,
    993 F.2d 1087 (CA4 1993) ............................................................7, 8

*Doe v. Ethihad Airways, PJSC*,
    870 F.3d 406 (CA6 2017) ..............................................................3

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
    472 U.S. 749 (1985)......................................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962)......................................................................14

*Greenbelt Coop. Publishing Assn. v. Bresler*,
   398 U.S. 6 (1970)................................................................................11

*Hall v. General Motors Corp.*,
   229 Mich. App. 580 (1998)....................................................................3

*Hawkins v. Mercy Health Servs.*,
   230 Mich. App. 315 (1998)....................................................................6

*Home Ins. Co. v. Dick*,
   281 U.S. 397 (1936)..............................................................................3

*In re Chmura*,
   464 Mich. 58 (2001) ......................................................................10, 11

*Innovation Ventures, LLC v. NVE, Inc.*,
   747 F. Supp. 2d 853 (ED Mich. 2010).................................................13

*Ireland v. Edwards*,
   230 Mich. App. 607 (1998)....................................................................7

*Kent v. Hennelly*,
   328 F. Supp. 3d 791 (ED Tenn. 2018) ..................................................4

*Lakin v. Rund*,
   318 Mich. App. 127 (2016)....................................................................6

*Lindke v. Tomlinson*,
   31 F.4th 487 (CA6 2022)........................................................................2

*Locricchio v. Evening News Assn.*,
   438 Mich. 84 (1991) .........................................................................6, 9

*Milkovich v. Lorain Journal Co.*,
   497 U.S. 1 (1990)..............................................................................6, 7

*Millen v. Birdseye*,
   No. 357290; 2022 Lexis 5658 (Mich. App. 2022)...............................11

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964)............................................................................11

*Osborne v. Metropolitan Govt. of Nashville & Davidson Cty.*,
  935 F.3d 521 (CA6 2019) ...................................................................2

*Pacific N.W. Shooting Park Assn. v. City of Sequim*,
  158 Wash. 2d 342 (2006) ................................................................14

*Partington v. Bugliosi*,
  56 F.3d 1147 (CA9 1995) ................................................................10

*Philadelphia Newspapers v. Hepps*,
  475 U.S. 767 (1986).........................................................................6

*Reighard v. ESPN, Inc.*,
  341 Mich. App. 526 (2022).............................................................6, 7

*Remick v. Manfredy*,
  238 F.3d 248 (CA3 2001) .................................................................4

*Revell v. Lidov*,
  317 F.3d 467, 469 (CA5 2002) .........................................................5

*Rouch v Enquirer & News of Battle Creek (After Remand)*,
  440 Mich 238 (1992) .......................................................................8

*Saab Auto. AB v. Gen. Motors Co.*,
  953 F. Supp. 2d 782 (ED Mich. 2013) ...............................................3

*Sarkar v. Doe*,
  318 Mich. App. 156 (2016)..............................................................10

*SHH Holdings, LLC v. Allied Word Specialty Ins. Co.*,
  65 F.4th 830 (CA6 2023) ..................................................................3

*Smith v. Anonymous*,
  Nos. 275297, 275316, 275463, 2011 Mich. App. Lexis 442 (Mar. 3, 2011)....7, 8

*Straw v. Avvo, Inc.*,
  No. 20-0294; 2020 Lexis 155617 (WD Wash. 2020)..................................11, 13

*Sutherland v. Kennington Truck Serv., Ltd.*,
  454 Mich. 274 (1997) .......................................................................3

*Total Quality, Inc. v. Fewless*,
    332 Mich. App. 681 (2020) ...................................................................13

*United States ex rel. Nicholson v. Medcom Carolinas, Inc.*,
    42 F.4th 185 (CA4 2022) .....................................................................14

*Varlesi v. Wayne State Univ.*,
    909 F. Supp. 2d 827 (ED Mich. 2012) ................................................13

*Watson's Carpet & Floor Covering, Inc. v. McCormick*,
    247 S.W.3d 169 (Tenn. App. 2007) .....................................................13

*Young v. New Haven Advocate*,
    315 F.3d 256 (CA4 2002) .......................................................................5

### Statutes

Mich. Comp. Laws §4.414 ............................................................................9

Mich. Comp. Laws §750.117 .....................................................................11

N.J. Stat. Ann. §2C:27–1 ...........................................................................11

### Rules

Civil Rule 7.1 ...............................................................................................1

### Treatises

R. Sack, Defamation §12:3.5 (5th ed. 2018) ............................................12

Restatement (Second) of Torts §652I cmt. c (1997) ...............................12

### Other Authority

Ballentine's Law Dictionary (3d ed. 1969) ..............................................14

Black's Law Dictionary (11th ed. 2019) ...................................................14

Black's Law Dictionary (4th ed. 1968) .....................................................14

Flint Charter §1-602 ....................................................................................9

**ISSUES PRESENTED**

1.      Should the Court dismiss the libel *per se* claim against Defendant Ladel Lewis (Count 1) because Plaintiff does not allege: (i) a statement of fact; (ii) a statement about Plaintiff; (iii) a defamatory statement; and (iv) damages?

2.      Should the Court dismiss the false light invasion of privacy claim against Defendant Ladel Lewis (Count V) because a business does not have cognizable privacy interests?

3.      Should the Court dismiss the tortious interference claim against Defendant Ladel Lewis (Count VI) because Plaintiff does not plausibly allege: (i) a protectable identified business expectancy; (ii) that Plaintiff had knowledge of the expectancy; and (iii) that Plaintiff intended to interfere with that expectancy?

4.      Should the Court dismiss the claims against Ladel Lewis with prejudice for failure to state a claim where amendment would be futile and in bad faith?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Issue 1**

*In re Chmura*,
   464 Mich. 58 (2001)

*Ireland v. Edwards*,
   230 Mich. App. 607 (1998)

*Locricchio v. Evening News Assn.*,
   438 Mich. 84 (1991)

**Issue 2**

*Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*,
   898 F.3d 710 (6th Cir. 2018)

*Booth Newspapers, Inc. v. Kent Cty. Treas.*,
   175 Mich. App. 523 (1989)

**Issue 3**

*Cedroni Assocs. v. Tomblinson Harburn Assocs., Inc.*,
   492 Mich. 40 (2012)

Michigan Civil Jury Inst. 126.03

**Issue 4**

*Foman v. Davis*,
   371 U.S. 178 (1962)

Defendant Ladel Lewis respectfully submits this brief in support of her motion to dismiss the claims against her with prejudice for failure to state a claim and because amendment would be futile. Civil Rule 7.1(d)(1) (ED Mich. 2024).

## STATEMENT OF THE CASE

Plaintiff Lento Law Group is a law firm with an office in Flint, R.1, PageID.20, at ¶89.  It is representing myriad plaintiffs in serial lawsuits in Michigan against Flint council member and President Ladel Lewis and other Flint council members and officials based on internecine Flint political disputes. *Randle v. Lewis*, No. 23-11370 (ED Mich.); *Mays v. City of Flint*, Genesee No. 23-119292 (Mich. Cir.); *Mays v. Flint City Council*, Genesee No. 23-11935 (Mich. Cir.); *Biggs-Leavy v. Lewis*, 23-12123 (ED Mich.); *Mays v. City of Flint*, No. 23-12705 (ED Mich.); and *Harris v. City of Flint*, No. 24-10417 (E.D. Mich.)..

Lento Law now sues Lewis for a post she made to the "Flint Politics" group on Facebook, R.1, PageID.5–7, at ¶¶16–23; PageID.11–13, at ¶¶38–48; PageID.19–21, at ¶¶83–94. In that post, Lewis asked whether (*a*) other Flint council members, who were pictured sporting Lento Law polo shirts, violated Michigan ethics laws and the Flint city charter by accepting those shirts; and (*b*) those council members' relationship with Lento Law influenced a council vote. *Ibid.*

Despite this being a Flint-centric case, Lento Law filed suit in the District of New Jersey on the implausible contention that a post on the "Flint Politics" group was intended to be seen by internet users throughout the United States, including New Jersey, R.1, PageID.11, at ¶37. Lento Law agreed to transfer the case here after the District of New Jersey ordered it to show cause why that should not

happen under 28 U.S.C. §§1404(a), 1406(a), and/or 1631. *Lento Law Gp., P.C. v. Lewis*, No. 23-20985 (DNJ), R.32, PageID.169. The parties agreed the defendants would have 60 days after the case was docketed in this district to answer or otherwise respond to the complaint. *Ibid.* The case was docketed here on January 5, 2024. See, R.1, PageID.1. Lewis files this timely pre-answer motion to dismiss the complaint with prejudice for failure to state a claim upon which relief can be granted and because amendment would be futile.

### RULE OF DECISION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lindke v. Tomlinson*, 31 F.4th 487, 495–96 (CA6 2022) (citation and quotation omitted). This means the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 496 (citation and quotation omitted). "In addition to the allegations in the complaint, [courts] may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Osborne v. Metropolitan Govt. of Nashville & Davidson Cty.*, 935 F.3d 521, 522 n.1 (CA6 2019).

### GOVERNING LAW

Although the complaint references New Jersey law, Michigan law governs this dispute.[1] Lento Law invokes the Court's diversity jurisdiction. Compl., R.1,

---

[1]  Of course, the first step in a choice of law analysis is determining whether there is a material difference between the pertinent states' laws. *Saab Auto. AB v.*

PageID.3, at ¶1. A federal court sitting in diversity applies the substantive law of the forum state. *SHH Holdings, LLC v. Allied Word Specialty Ins. Co.*, 65 F.4th 830, 836 (CA6 2023). In tort actions, the presumption is that Michigan will apply its own law unless the foreign state has an interest in having its law applied and reason requires that foreign law supersede Michigan law. *Doe v. Ethihad Airways, PJSC*, 870 F.3d 406, 435 (CA6 2017) (citing *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 287 (1997)).  See also *Hall v. General Motors Corp.*, 229 Mich. App. 580, 585 (1998) ("Michigan courts … use another state's law where the other state has a significant interest and Michigan has only a minimal interest in the matter.").

"[I]n order to choose a foreign state's law, '[that] state must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair.'" *Sutherland*, 454 Mich., at 287 (quoting *Allstate Ins. v. Hague*, 449 U.S. 302, 313 (1981)). A plaintiff's residence, without more, is insufficient to support the choice of a foreign state's law. *Sutherland*, 454 Mich., at 287 (citing *Home Ins. Co. v. Dick*, 281 U.S. 397, 408 (1936)).  Thus, the mere fact that Lento Law is a New Jersey corporation is not enough.  Nor has Lento Law plausibly pleaded that Lewis directed or aimed her post about local Flint politics into New Jersey to satisfy the Calder effects test. *Calder v. Jones*, 465 U.S. 783, 788–789 (1984).  Lento Law has, however, pleaded

---

*Gen. Motors Co.*, 953 F. Supp. 2d 782, 787 (ED Mich. 2013), aff'd, 770 F.3d 436 (6th Cir. 2014). Here, Lewis is unaware of any conflict between New Jersey and Michigan law, but proceeds with the analysis in this section in case the court should determine there is a material difference.

that it has a Flint office, that it went to a Flint-based event to market it services, and that it provided a custom polo shirt to two Flint council members.  Compl., R.1, PageID.4, at ¶¶12–14 (describing the event and the polo shirts); PageID.9, at ¶30 ("Flint, MI" listed among its office location in the screen capture of Lento Law's webpage); PageID.20, at ¶89 (alleging that Lento Law "does business within the City of Flint").  Lento Law also pleaded that "it is public record that [it] represents Flint City Councilman Eric Mays" and regularly attended city council meetings to "ensure he [was] being treated fairly" and that "his political opponents on the Council, such as Defendant Lewis, [were] not infringing upon his rights." Compl., R.1, PageID.14, at ¶53.  New Jersey has no articulable interest in protecting New Jersey businesses that choose to operate in foreign states and interject themselves into foreign controversies.  Conversely, Michigan has a strong interest in assuring that its tort laws are not abused to inhibit robust political discussion on local issues.

Lento Law also baldly contends that Lewis "used the [i]nternet to enter New Jersey." *Lento Law Gp., P.C. v. Lewis*, No. 23-20985 (DNJ), R.23, PageID.147. Courts have long rejected the theory that posting to the internet is, without more, a "significant' contact that creates a constitutionally adequate state interest compatible with traditional principles of due process. "In the context of defamation actions arising out of internet posts, the majority of federal courts have held that the mere posting of information or advertisements on an internet website does not confer nationwide personal jurisdiction." *Kent v. Hennelly*, 328 F. Supp. 3d 791, 798 (ED Tenn. 2018) (citing, among others, *Remick v. Manfredy*, 238 F.3d 248 (CA3 2001);

– 4 –

*Young v. New Haven Advocate*, 315 F.3d 256, 262–263 (CA4 2002)). See also *Cadle Co. v. Schlichtmann*, 123 F. Appx. 675, 679–680 (CA6 2005) (holding that, unless the content of the publication is targeted or directed to residents of the foreign state, the mere posting and accessibility of the publication on the internet is not enough to exercise personal jurisdiction); *Revell v. Lidov*, 317 F.3d 467, 469, 473–476 (CA5 2002) (same). Lento Law cannot plausibly allege how a post by a local Flint council member to a local Flint politics Facebook page was targeted or aimed at readers in New Jersey, any more than it could do so when this case was before the District of New Jersey.

Because it would violate procedural due process to apply New Jersey law, and because no other foreign state has an interest in having its law applied, Michigan law governs this dispute under *Sutherland*.

## ARGUMENT

**A.**   <u>**Count 1**</u>**:  Lento Law has not pleaded a plausible claim for libel *per se* by implication under Michigan law.**

To plead a claim of libel *per se* by implication under Michigan law, a plaintiff must plead that a defendant (*a*) negligently (if the plaintiff is a private figure) or with actual malice (if the plaintiff is a public figure) (*b*) published to a third party (*c*) a statement of fact (*d*) of and concerning the plaintiff that (*e*) was not privileged by law and (*f*) implied a defamatory meaning when juxtaposed other facts or created a defamatory implication by omitting true facts known to the defendant, with (*g*) damages presumed as a matter of law because of the nature of the statement. *Locricchio v. Evening News Assn.*, 438 Mich. 84, 115–117, 132–133

(1991) (stating the elements of defamation and discussing the burden of proving falsity where the plaintiff claims defamation by implication); *Reighard v. ESPN, Inc.*, 341 Mich. App. 526, 540–541 (2022) (expanding on the elements for claims of defamation by implication); *Lakin v. Rund*, 318 Mich. App. 127 (2016) (explaining which crimes qualify for presumed damages under defamation *per se*).

"[C]laims of defamation by implication, which by nature present ambiguous evidence with respect to falsity, face a severe constitutional hurdle" because the First Amendment prohibits liability for true statements where discussion of public affairs is concerned; falsity must be proved. *Locricchio*, 438 Mich., at 120–122. While *Locricchio* involved a press defendant and noted that the U.S. Supreme Court has reserved on whether this constitutional burden of proving falsity applies to cases involving non-press defendants, *id.*, at 122 n. 30 (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 n. 6 (1990) (citing *Philadelphia Newspapers v. Hepps*, 475 U.S. 767 (1986), upon which *Locricchio* relied)), the court observed that six Justices "believe[] that[,] 'in the context of defamation law, the rights of the institutional media are no greater and no less than those enjoyed by other individuals or organizations engaged in the same activities.'" *Locricchio*, 438 Mich., at 90 n. 7 (quoting *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 784 (1985) (BRENNAN, J., dissenting)). The Michigan Court of Appeals later held that the press/non-press distinction was of no importance; the constitutional burden applies whenever a claim for defamation involves a matter of public interest, regardless of the type of defendant before the court. *Hawkins v. Mercy Health Servs.*, 230 Mich. App. 315, 329–331 and n. 10 (1998). Thus, on this state law

claim, Lento Law must plead and prove Lewis made a false statement or implied false facts, either by juxtaposition or the omission of known, true facts.

Count 1 does not pleaded a plausible claim of defamation *per se* by implication for four reasons.

**1.    The challenged statements are not statements of fact.** See Compl., R.1, PageID.5, at ¶16. While questions can be defamatory, *Reighard*, 341 Mich. App., at 544, they must be reasonably read as an assertion of fact to be actionable. *Ireland v. Edwards*, 230 Mich. App. 607, 614 (1998). "[I]nquiry itself, however embarrassing or unpleasant to its subject, is not an accusation." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093–1094 (CA4 1993) (emphases in original). Where a challenged question "simply provokes public scrutiny," it is not a statement of fact. *Id.*, at 1094.

Counsel could find no case where a question qualified as a statement of fact. Nor could a court that conducted its own canvas of caselaw. *Boulger v. Woods*, 306 F. Supp. 3d 985, 1000 (SD Ohio 2018) (noting that the court was "unable to locate any cases in which a question was determined to be a defamatory statement of fact.").

There are, however, many cases going the other way. In *Smith v. Anonymous*, Nos. 275297, 275316, 275463, 2011 Mich. App. Lexis 442, at *1 (Mar. 3, 2011), the court held that asking if there had been a misuse of township funds was not a provably false statement of fact.[2]  The court rooted its holding in the principle that a "libel case challenging the constitutionality of public discourse must be carefully

---

[2]    The First Amendment requires that an allegedly defamatory statement be "provably false." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990).

– 7 –

examined with regard to falsity to ensure that precious liberties established and ordained by the Constitution are followed." *Id.,* at *6 (citing *Rouch v Enquirer & News of Battle Creek (After Remand)*, 440 Mich 238, 253 (1992)).. In *Beverly Hills Foodland v. United Food & Commercial Workers Union*, 39 F.3d 191 (CA8 1994), the court held that asking if Foodland was discriminatory in its hiring practices was not a statement of fact. In *Chapin*, 993 F.2d, at 1094, the court held that asking whether a soldier or the organizer of a charity drive for soldiers in the First Gulf War would benefit more from marked up junk food could not "be reasonably read to imply the assertion of the false and defamatory fact—pocket-lining—of which plaintiffs complain." In *Boulger*, 306 F. Supp. 3d, at 990, the court held that posting to Twitter the question "[s]o-called #Trump 'Nazi' is a #BernieSanders agitator/operative?" was not a statement of fact. And in *Abbas v. Foreign Policy Gp., LLC*, 783 F.3d 1328, 1338–1339 (CADC 2015), the court held that asking questions about whether the sons of Mahmoud Abbas had enriched themselves at the expense of Palestinians and U.S. taxpayers were not statements of fact.[3]

---

[3]  As the *Boulger* court observed, "while the rule appears to leave room for defamatory questions in theory, courts have been generally unwilling to find liability for questions in practice." *Boulger*, 306 F. Supp. 3d, at 1000. The *Abbas* court cogently explained why:

> [J]ust imagine the severe infringement on free speech that would ensue in the alternative universe envisioned by Abbas. Is the Mayor a thief? Is the quarterback a cheater? Did the Governor accept bribes? Did the CEO pay her taxes? Did the baseball star take steroids? Questions like that appear all the time in news reports and

Here, Lewis included in her post a copy of a state law and an excerpt from the Flint city charter regulating gifts to public officers, which had been posted to the Facebook page of the council member for Flint's Sixth ward. Compl., R.1, PageID.5, at ¶16. Under the cited charter provision, public servants are prohibited from accepting gifts from anyone doing business or seeking to do business with or to obtain official action from the city. Flint Charter §1-602(C)(8). The charter does not define the term "gifts." The cited state law defines a gift as anything that exceeds $25.00 in value. Mich. Comp. Laws §4.414(1). The ban on gifts protects the ethical governance and operation of local government. Flint Charter §1-602(A).

Lewis's questions, though pointed, objectively do nothing more than "provoke public scrutiny" into a possible ethics violation by fellow council members that may or may not be affecting their votes on matters of public policy. They are not, therefore, statements of fact that can serve as a basis for liability on a claim for defamation.

**2.     The challenged statements are not of and concerning Lento Law.**

Lento Law alleges that the post implies that it tried to bribe Flint council members with polo shirts bearing its firm logo. Compl., R.1, PageID.7, at ¶21. That is not, however, a fair reading of the post. It asks whether the council members had acted unethically by accepting gifts and whether the council members' votes were influenced by their relationship with the law firm. These are questions about the

---

on blogs, in tweets and on cable shows. And all such questions could be actionable under Abbas's novel defamation theory.

*Abbas*, 783 F.3d, at 1339. For this reason, "claims of defamation by implication, which by nature present ambiguous evidence with respect to falsity, face a severe constitutional hurdle." *Locricchio*, 438 Mich., at 122.

*council members'* state of mind. A person can, of course, be influenced by a gift even if the giver has no corrupt intent in giving it. The post does not ask whether Lento Law was trying to influence the council members, which would be a wholly different question about Lento Law's state of mind. Because the post is not "of and concerning" the law firm, Lento Law has not and cannot plausibly plead this element of a defamation claim.

**3.**   **The questions are not defamatory as a matter of law.** Even if the Court were to hold that Lewis's questions were statements of fact of and concerning Lento Law, "[w]hen an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts and leaving the reader free to draw his own conclusions, those statements are generally protected by the First Amendment." *Sarkar v. Doe*, 318 Mich. App. 156, 196 (2016) (quoting *Partington v. Bugliosi*, 56 F.3d 1147, 1156 (CA9 1995)). Here, the challenged post shows (1) the facts available to Lewis—a picture of two council members wearing personalized Lento Law polo shirts and the legal authorities upon which she relied on in support of her own interpretation; (2) her interpretation of those facts—that the custom shirts appeared to be gifts to the council members and, if so, that the gift may have violated ethics laws depending on the value of the shirts; and (3) left readers to draw their own conclusions.

Apart from this, rhetorical hyperbole and vigorous epithets are not actionable statements of fact, particularly in the rough-and-tumble world of politics. *In re Chmura*, 464 Mich. 58, 72 (2001) ("*Chmura II*"). Accusations of blackmail and corruption in politics are the kind of "vehement, caustic, and sometimes

– 10 –

unpleasantly sharp attacks on government and public officials" that come with the territory of political speech. *Id.*, at 73 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). See also *Greenbelt Coop. Publishing Assn. v. Bresler*, 398 U.S. 6, 13–14 and Appx. (1970) (holding that using the word "blackmail" to describe a bargaining position was a vigorous epithet); *Millen v. Birdseye*, No. 357290; 2022 Lexis 5658, at *11–12 (Mich. App. 2022) (holding that accusing someone of having "law enforcement in their pocket" was on par with accusing someone of blackmail and not actionable).

**4.     This is not a viable case of libel *per se*, and Lento Law has not plausibly pleaded damages.** Apart from the fact that the post does not accuse Lento Law of bribery, Lento Law's reliance on New Jersey's bribery statute is misplaced because it applies only to the alleged bribery of officials in New Jersey. N.J. Stat. Ann. §2C:27–1(b) and (g). The Michigan bribery statute does not ban all gifts, only those gifts given "corruptly" to influence a public officer on a matter that is or may be brought before that public officer. Mich. Comp. Laws §750.117. In other words, this statute focuses on the intention of the giver, not the recipient. While the challenged post cites ethics laws and asks questions about the pictured council members' state of mind, it does not cite §750.117, and it says nothing to suggest that Lento Law had a corrupt intent in gifting the polo shirts. Thus, the *per se* element is not plausibly pleaded. And, because Lento Law has not otherwise plausibly pleaded actual damages, the total failure to plead this element is fatal to the claim. See, *e.g.*, *Straw v. Avvo, Inc.*, No. 20-0294; 2020 Lexis 155617, *13–14 (WD Wash. 2020) (holding that, absent sufficient allegations to sustain a claim of

– 11 –

defamation *per se* and absent any plausibly pleaded damages, the challenged statement could not serve as a basis for the plaintiff's defamation claim).

**B.** <u>Count 5</u>**:  Lento Law cannot plead a claim for false light as a matter of law because it has no cognizable privacy interest as a corporation.**

Businesses cannot maintain claims for invasion of privacy, by false light or otherwise. In *Booth Newspapers, Inc. v. Kent Cty. Treas.*, 175 Mich. App. 523, 528–529 (1989), the Michigan Court of Appeals held that corporations have no right to privacy under the state constitution or at common law:  "Since the right to privacy is primarily designed to protect the feelings and sensibilities of human beings, not to safeguard property, business, or other pecuniary interests, the courts have denied this right to corporations and other institutions." *Id.*, at 528–529. See also R. Sack, Defamation § 12:3.5 (5th ed. 2018) (citing Restatement (Second) of Torts § 652I cmt. c (1997)). Lento Law is erroneously asserting a right it does not have. The Court should therefore dismiss Count 5 for failure to state a claim upon which relief can be granted as a matter of state law.

**C.** <u>Count 6</u>**:  Lento Law has not pleaded a plausible claim for tortious interference with a business relationship or expectancy.**

The elements of tortious interference with a business expectancy are (1) the existence of a valid business expectancy; (2) knowledge of the expectancy on the part of the defendant; (3) an intentional interference by the defendant inducing or causing a termination of the expectancy; and (4) resultant damage to the plaintiff." *Cedroni Assocs. v. Tomblinson Harburn Assocs., Inc.*, 492 Mich. 40, 45 (2012).

"[T]he expectancy must be a reasonable likelihood or probability, not mere wishful thinking." *Ibid.* It must also be specific. *Cedroni Assocs. v. Tomblinson Harburn Assocs., Inc.*, 290 Mich. App. 577, 590 (2010), rev'd on other grounds, 492 Mich. 40 (2012). "[K]nowledge of generalized business dealings" is not enough; it would render the element that "the interferer [] have knowledge of 'the' expectancy … essentially meaningless." *Varlesi v. Wayne State Univ.*, 909 F. Supp. 2d 827, 850 (ED Mich. 2012) (discussing *Cedroni*, 290 Mich. App. 577 (2010); *Innovation Ventures, LLC v. NVE, Inc.*, 747 F. Supp. 2d 853 (ED Mich. 2010); and *Watson's Carpet & Floor Covering, Inc. v. McCormick*, 247 S.W.3d 169 (Tenn. App. 2007) (applying "seemingly identical" Tennessee law)). The defendant must have known its action was "substantially certain" to interfere with the expectancy. *Total Quality, Inc. v. Fewless*, 332 Mich. App. 681, 705 (2020).

Lento Law has not pleaded a specific, probable expectancy—*i.e.*, it has not identified a single prospective client—that it lost over Lewis's post. There is an unbridgeable gap between the elements of the tort and the pleadings. Lento Law alleges that Lewis's post "*can* drive potential clients away[,]" and that there is a "reasonable probability" that "potential customers were, or could have been, turned away[,]" Compl., R.1, PageID.20, at ¶¶91, 93–94 (emphases added), but not that the post *actually* had this effect on any specific prospective client of the firm. See, *e.g.*, *Straw*, 2020 Lexis 155617, at *15 (held, while applying a materially identical standard under Washington law, that claiming interference with an "amorphous group of Avvo users" was not sufficient to identify specific prospective clients as required, citing *Pacific N.W. Shooting Park Assn. v. City of Sequim*, 158 Wash. 2d

– 13 –

342, 352–353 (2006)). Likewise, Lento Law alleges Lewis acted intentionally *or* negligently, *id.*, at ¶92, but negligence cannot suffice for this intentional tort, especially when a defendant must be "substantially certain" that their conduct will interfere with a specific expectancy. The speculative and conclusory nature of these allegations warrants dismissal for failure to state a claim under state law.

**D.     The Court should deny leave to amend if asked.**

The lack of an actionable statement cannot be cured by amendment. The false light claim rests on a privacy interest not afforded to corporations like Lento Law. While in theory the tortious interference claim could be remedied by amendment, Lento Law should not be allowed to continue this matter without a good faith proffer of specific prospective clients actually lost to Lewis's post.

Under the *Foman* factors, the Court need not allow an amendment when the claim is brought in bad faith. Bad faith includes dishonest motives or ulterior purposes. Black's Law Dictionary (11th ed. 2019). See also Black's Law Dictionary 176 (4th ed. 1968) and Ballentine's Law Dictionary 118 (3d ed. 1969), both in use at the time of *Foman v. Davis*, 371 U.S. 178 (1962); *United States ex rel. Nicholson v. Medcom Carolinas, Inc.*, 42 F.4th 185, 198 (CA4 2022) (noting that a complete catalogue of bad faith is impossible and offering examples). Whether truly on its own behalf or as proxy for Council member Eric Mays, Lento Law plainly filed this action to harass Lewis for her political speech. Although Michigan does not have a SLAPP statute, this case fits the definition of strategic litigation against public participation:  a meritless, harassing lawsuit filed to chill protected expression.

The Court should, in the exercise of its discretion, protect Lewis from being further subjected to abusive litigation.

## CONCLUSION

For these reasons, the Court should dismiss the Counts I, V and VI asserted against Ladel Lewis with prejudice.

Respectfully submitted,

∞ BUTZEL

Dated:  March 5, 2024

/s/ *Frederick A. Berg*

FREDERICK A. BERG (P38002)
SHELDON H. KLEIN (P41062)
JOSEPH E. RICHOTTE (P70902)
150 W. Jefferson Ave. #100
Detroit, MI  48226
(313) 225-7000
berg@butzel.com
klein@butzel.com
richotte@butzel.com
*Counsel for Defendant Ladel Lewis*

100744350.9

– 15 –