UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENTO LAW GROUP, P.C.,

    Plaintiff,

v.

LADEL LEWIS, LINDA ANN
POHLY, FLORENDA LEE-HALL,
JOYCE ANN WILSON, and VEDA
DIANE BALLA,

    Defendants.
_____/

Case No. 24-10031

Hon. George Caram Steeh

ORDER DENYING MOTION
FOR ATTORNEY'S FEES (ECF NO. 27)

    Plaintiff Lento Law Group, P.C., a law firm, sued five Flint residents for comments they posted on the Flint Politics Facebook group page. Two of the defendants, Ladel Lewis and Linda Ann Pohly, filed motions to dismiss, which the court granted. Defendant Lewis seeks an award of attorney's fees as a sanction for Plaintiff's filing of this action, under the court's inherent authority or 28 U.S.C. § 1927. Defendant does not seek sanctions pursuant to Rule 11.

    Plaintiff originally filed this action in New Jersey, where it has an office. In response to Defendants' objections based upon personal jurisdiction and lack of venue, the court issued an order to show cause why

the case should not be transferred to the Eastern District of Michigan. Rather than respond to the show cause order, Plaintiff stipulated to the transfer. Plaintiff's complaint alleged claims of defamation per se, false light defamation, and tortious interference with business expectancy, against Defendant Lewis and others. Defendants Lewis and Pohly filed a motion to dismiss. In response, Plaintiff acceded to the dismissal of its false light claim.

The court determined that the statements relied upon by Plaintiff did not constitute defamation per se as a matter of law. ECF No. 26.  The court also found that Plaintiff's tortious interference claim was subject to dismissal because its allegations were "entirely conclusory." *Id.* Subsequently, Plaintiff stipulated to dismiss the remaining defendants.

Defendant contends that this lawsuit is part of a campaign by the Lento Law Group against the City of Flint and its officials. The Lento firm has filed several suits in federal and state court, primarily on behalf of its client, former City Council member Eric Mays. These suits reveal a contentious relationship between Mays and the City Council; in several of them, he challenged disciplinary sanctions the council imposed against him. Defendant Lewis was President of the City Council and named in two of those lawsuits, challenging actions taken by the council to remove Mays

or disruptive audience members connected to Mays from meetings. *See* ECF No. 27 at PageID 266-70. The seven other lawsuits identified by Defendant have been dismissed. Defendant argues that the court should consider this context in determining whether sanctions are warranted against Plaintiff under its inherent authority or § 1927.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.* Sanctions are warranted under § 1927 "when an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). This requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.*; *see also Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001). "[T]he mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). In addition, "[a] sanction is generally improper

- 3 -

where a successful motion could have avoided any additional legal expenses by defendants." *Riddle*, 266 F.3d at 553.

Defendant argues that the court should view this case as part of a pattern of harassment. She asserts that Plaintiff had no basis to file the complaint in New Jersey against individual Michigan residents, and that the other dismissed cases demonstrate Plaintiff's motive to multiply the proceedings. Defendant asks the court to infer too much, however. The cases identified by Defendant do not involve facts or legal claims similar to this one, and the parties are also not the same. *See* ECF No. 27 at PageID 266-70. This case involves a defamation claim brought by Lento, whereas the other cases against Defendant Lewis relate to the removal of Mays or audience members from City Council meetings. *Id.*; *see* Case Nos. 23-11370, 23-12705, 23-12123. And although all the cases have been dismissed, a finding of frivolousness was made in only one, when attorney fees were awarded under § 1988 by Judge Friedman. *See May v. Fields*, Case No. 20-12504, ECF Nos. 17, 22, 30. In that case, *Mays v. Fields*, neither the Lento firm nor its attorney in this case, Lawrence Katz, were counsel of record, and neither the Lento firm nor Defendant Lewis were parties. These cases are not sufficiently connected or repetitive such that

- 4 -

the court may infer that this case was brought to multiply the proceedings or as part of a pattern of frivolous litigation.

Moreover, courts are reluctant to sanction attorneys under § 1927 for filing a meritless complaint, without additional improper conduct. "Since the plain language of the statute only penalizes attorneys who vexatiously and unreasonably 'multiply' proceedings, Courts generally do not impose sanctions under 28 U.S.C. § 1927 based on the filing of an initial complaint that turns out to be meritless." *Beverly v. Shermeta L. Grp., PLLC*, 2020 WL 2556674, at *1 (E.D. Mich. May 20, 2020) (citing cases, including *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) ("[W]e join an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action.")). Filing a meritless action in the wrong court, although a perhaps a closer call, also does not so unreasonably multiply the proceedings as to warrant sanctions under §1927. *Cf. Ridder*, 109 F.3d at 298 (affirming imposition of sanctions under § 1927 when the attorney "persisted in pressing the allegations for over five years, despite unearthing no evidentiary support for the claims even after full discovery").

Lewis also seeks sanctions pursuant to the court's inherent power, which may be invoked "when a party has 'acted in bad faith, vexatiously,

wantonly, or for oppressive reasons.'" *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (citation omitted). A showing of bad faith or conduct "tantamount to bad faith" is required. *Id.* To award sanctions pursuant to its inherent power, the court must find that (1) "the claims advanced were meritless" or without colorable basis; (2) "that counsel knew or should have known this; and (3) "the motive for filing the suit was for an improper purpose such as harassment." *Id.* This test makes clear that pursuing meritless claims is insufficient; rather, "the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id.* at 753 (emphasis in original). Examples of "something more" include withholding evidence, "[h]arassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts." *Id.* at 754. "Generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002).

As discussed above, the court is unable to infer bad faith on Plaintiff's part based upon the existence of other loosely related, dismissed cases that have not been adjudicated as frivolous. The parties may have an

- 6 -

acrimonious history based upon previous disputes, but it does not necessarily follow that this action was filed for an improper purpose. *See El-Khalil v. Tedeschi*, 2023 WL 5827666, at *7-8 (E.D. Mich. Sept. 8, 2023) ("Bad blood is not tantamount to bad faith."). Plaintiff and its attorney's conduct in this case does not exhibit "something more" than pursuing a meritless claim.

For these reasons, the court declines to impose sanctions based upon its inherent authority or § 1927. IT IS HEREBY ORDERED that Defendant's motion for attorney's fees (ECF No. 27) is DENIED.

Dated: February 3, 2025

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 3, 2025, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk